PROB 12C
(7/93)

Report Date: October 2, 2013

# United States District Court

для the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT - 3 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Matthew Gatwech Wuol          Case Number: 0980 2:11CR06081-001

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Lonny R. Suko, U.S. District Judge

Date of Original Sentence: March 14, 2007

| | | |
|---|---|---|
| Original Offense: | Felon Receiving Ammunition, 18 U.S.C. § 922(g)(1) and (24(a)(2) | |
| Original Sentence: | Prison 46 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Mary Katherine Dimke | Date Supervision Commenced: June 14, 2013 |
| Defense Attorney: | Amy Rubin | Date Supervision Expires: November 13, 2014 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation Number**     **Nature of Noncompliance**

1          **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

           **Supporting Evidence**: Matthew Wuol is considered in violation of his supervised release as he consumed controlled substances, marijuana and methamphetamine, on or about September 6, 2013.

           Mr. Wuol reported to this officer on September 9, 2013, and advised that he had used marijuana and methamphetamine while at another person's residence. The defendant stated that after he used, he realized he had "messed up" and reported it to his officer. Mr. Wuol signed a drug admissions form.

2          **Special Condition # 22**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

Prob12C
**Re: Wuol, Matthew Gatwech**
October 2, 2013
Page 2

**Supporting Evidence:** Mr. Wuol in considered in violation of his substance abuse treatment as he failed to report for his counseling session on September 17, 2013, and he was terminated from treatment on or about September 30, 2013.

Mr. Wuol reported to this officer on September 9, 2013, and admitted he had consumed controlled substances. This officer instructed the defendant to report to his substance abuse treatment counselor at Nueva Esperanza Community Counseling Services and advise of the relapse. This officer would then take the counselors recommendation into consideration in regards to the drug use violation. The defendant contacted this officer on September 13, 2013, and stated he had an individual counseling session with his counselor, Arlene Crow, scheduled for September 17, 2013.

On September 13, 2013, Mr. Wuol asked if he could travel to Spokane, Washington, for the weekend as he needed to remove himself from his home as his brother, whom he does not get along with, moved in with them. He also advised that he no longer wanted to be in the Tri-Cities area and would like to move. This officer approved the travel but advised the defendant he was to return to Pasco by September 16, 2013, as he could not miss his treatment appointment the next day. He was specifically instructed to have reliable transportation to and from Spokane so he would not be left there, and a transfer request would be submitted to the probation office in Spokane. Mr. Wuol failed to return as instructed. He contacted this officer by telephone on September 16, 2013, and left a voice mail message advised that his ride had left him and he was stranded in Spokane. He also said he left a voice mail message for his counselor advising the same thing.

This officer spoke with the defendant by telephone on September 18, 2013, and he stated he had already made arrangements to have his treatment transferred to Adept Counseling in Spokane. This officer received a status report from Nueva Esperanza on September 30, 2013. The report advised that Mr. Wuol contacted their office on September 16, 2013, requesting the file be transferred to Spokane. He reported he had moved there. He was instructed to contact the treatment agency of his choice, sign release of information forms, and have treatment transferred. However, he would need to be reassessed due to his relapse. As of the date of the status letter, no request has been received by Nueva Esperanza. Mr. Wuol missed his last two treatment sessions and his file was closed on September 30, 2013.

6    **Standard Condition # 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence:** Mr. Wuol is considered in violation of his supervised release, as he failed to return to Pasco, Washington, on or about September 16, 2013; September 27. 2013; and September 30, 2013.

As previously noted in violation 2, Mr. Wuol failed to return from Spokane, Washington, on September 16, 2013, as instructed. He advised this officer he had been stranded in Spokane. He advised Nueva Esperanza he had moved to Spokane and wanted his treatment transferred.

As a transfer request had been submitted, the defendant met with the probation officer in Spokane on September 23, 2013. He was instructed to report in to see him again on

Prob12C
**Re: Wuol, Matthew Gatwech**
October 2, 2013
Page 3

September 27, 2013, after he completed an intake with Adept Counseling scheduled for September 25, 2013. Mr. Wuol did not attend his counseling appointment with Adept as scheduled, and he failed to report to the probation officer on September 27, 2013, as instructed. The probation officer in Spokane completed a home visit to the defendant's proposed residence. It was revealed the apartment manager did not know the defendant was staying at the residence and the manager would not allow a felon on supervision to reside there. The transfer was denied based on that information and because Mr. Wuol failed to report on September 27, 2013, as instructed. The probation officer contacted Mr. Wuol by telephone on September 27, 2103, and instructed him to return to the Tri-Cities. He failed to do so.

This officer contacted the defendant on September 30, 2013, and advised him the transfer was denied and he needed to return to the Tri-Cities. Mr. Wuol has failed to return as instructed.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/02/2013

s/SanJuanita B. Coronado

SanJuanita B Coronado
U.S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

10/3/13
Date